Maud D. Lahr, Appellant, v. Mabel C. Tirrill, Respondent. John B. Lahr, Appellant, v. Mabel C. Tirrill, Respondent.— Plaintiff Maud D. Lahr was a passenger in an automobile owned and driven by defendant. The road was slippery from snow. At plaintiff's request defendant had slowed down speed. As defendant approached a hill at about twenty miles an hour she increased the speed of the car, then " suddenly swung the car from the right to the left and back to the right, hitting a post," and the plaintiff passenger was injured. Judgments reversed on the law and new trials granted, with costs to the appellants in one action to abide the event. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.

Lillian M. Cutler, as Executrix, etc., of Edward D. Cutler, Deceased, Respondent, v. Isaac V. Swits and Another, Appellants.—Appeal by defendants from a judgment of the Supreme Court entered in the office of the clerk of the county of Schenectady on the 29th day of January, 1934. Plaintiff brought this action in equity to enforce a restrictive covenant made for the benefit of plaintiff's remaining lands contained in a deed dated May 13, 1927, from one Picotte and wife to defendants. Plaintiff was the former owner of the premises involved and the owner of the adjoining lands. After the commencement of the action plaintiff died and his widow, the executrix of his will, was substituted as plaintiff. Defendants accepted the deed containing a restriction that the premises should never be used for a gas, oil or filling station and that no public garage should be erected thereon. Defendants erected a gas, oil and filling station on the premises and operated the same. The trial court found that defendants violated the covenant and the judgment appealed from restrains and enjoins them from engaging in any business or erecting any structures in violation of the terms of the deed from Picotte and wife and also directs that the defendants shall remove all structures which have been erected on such premises in violation of the covenant referred to. Judgment appealed from is unanimously affirmed, with costs to respondent. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

Frank D. Fuller, Appellant, v. Chester L. Stanton and Others, Respondents.—Action to establish boundary line between premises of plaintiff and defendants. The trial court found that the line had been fixed by a practical location. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.